**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DWAYNE D. SHAFER                              :

    Plaintiff                              :

    v                                          :       Civil Action No. JFM-05-986

JON P. GALLEY, *et al.*                         :

    Defendants                              :
                       o0o

**MEMORANDUM**

On August 15, 2005, this court issued an Order construing defendants' response to the order to show cause as a motion for summary judgment and granted plaintiff an additional period of time to file an opposition to the motion.  Paper No. 20.  Plaintiff has filed an affidavit in opposition[1] to the motion for summary judgment (Paper No. 23) and a motion for leave to amend (Paper No. 24).  Upon review of the papers filed, the court finds that a hearing in this matter is not necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons that follow, the motion for summary judgment shall be granted.

Background

The complaint concerns plaintiff's allegations that: he was falsely charged and convicted of an institutional rule infraction; despite his complaints that he was threatened by other inmates, he was not moved to another housing unit; and his property was confiscated by correctional officers . Paper No. 7. Defendants have responded substantively to all of plaintiff's allegations. Paper No. 10. Upon review of the evidence submitted and plaintiff's opposition thereto, it does

---

[1] Plaintiff's affidavit is simply a statement by him affirming that his previously-filed response to defendants' answer to the order to show cause is true and correct to the best of his knowledge and belief. The previous response, docketed as Paper No.10, is considered here as an opposition response.

not appear that defendants have failed to  respond to plaintiff's claims that his safety is in

jeopardy.

    II. <u>The Infraction Incident</u>

        On June 29, 2003, plaintiff was charged with possession of a weapon after a

homemade weapon was found in his cell.  Plaintiff claims that the accusation was false and

made in retaliation for a complaint he filed against Lt. Riggleman.  At plaintiff's adjustment

hearing, he claimed that there was a conspiracy by correctional officers to plant the weapon in

his cell.  Paper No. 10 at Ex. 1, pp.  20– 24. Plaintiff bolstered his testimony with that of his cell

mate, stating that the officers who searched the cell improperly denied them the opportunity to

view the weapon found under the heater.[2]  *Id*. at p. 21.  Plaintiff claimed that he also should have

been permitted an opportunity to view the area where the weapon was found, but was forced to

leave the cell without doing so.  *Id*.  He claimed this was evidence that the officers involved were

attempting to cover up their conspiracy.[3]  *Id*.  The hearing officer, however, found plaintiff's

testimony and that of his cell mate to be rehearsed and therefore not credible.  *Id*. at p. 23.

Plaintiff was found guilty, placed on disciplinary segregation for 270 days and had 120 days,  of

good conduct credit revoked.  *Id*.

    II. <u>Failure to Protect</u>

        Plaintiff next alleges that his life was threatened by other inmates when it was

---

[2] Evidence was presented by the institutional representative establishing that security procedures prohibit officers from displaying a weapon found during a cell search to the inmates involved.  Paper No. 10 at Ex. 1, p. 23.

[3]  Plaintiff attempted to present evidence that Lt. Riggleman had previously denied plaintiff's request for placement on protective custody, but was not permitted to proceed by the hearing officer, who found such evidence not relevant to the June 29 incident.  *Id*.  p. 21.

2

discovered that he is a member of the Ku Klux Klan and that he owed money for drugs he allegedly flushed down a toilet.  Plaintiff reported these threats to correctional staff and the claims were investigated.   Paper No. 10 at Ex. 1, pp. 28 – 29.  Plaintiff's request for placement on protective custody was denied because his allegations could not be confirmed.  *Id*. at p. 27. Plaintiff filed a complaint with the Inmate Grievance Office (IGO) concerning that denial.  A hearing was held on plaintiff's grievance, and a written decision was issued.  *Id*. at pp. 36– 40. At the hearing evidence was presented establishing that: most of the inmates named on plaintiff's list of enemies were either not at WCI or could not be found in the Division of Correction; and plaintiff had $380.00 in his active spending account as of January 17, 2004, which would enable him to clear any debts he had.  *Id*. at p. 39.  Based on this evidence, and the fact that plaintiff presented no evidence to support his claim, the administrative law judge (ALJ) found the grievance to be without merit.  *Id*.  In reaching that conclusion the ALJ found that plaintiff "has no right to placement in protective custody absent proof of a specific threat."  *Id*.

III. Property Claim

The property plaintiff claims was improperly confiscated was a new cassette tape taken during a cell shakedown which occurred on June 29, 2003, the same day a weapon was found in his cell.   Again, this claim was the subject of a complaint filed with the IGO.  Plaintiff was provided with a hearing on the merits of his claim before an ALJ .  In a decision dated August 9, 2004, plaintiff's claim was dismissed because he failed to establish that his property was confiscated.  The evidence produced at the hearing established that plaintiff had signed a receipt for the return of his property, including eight cassette tapes,  following the cell search. Paper No. 10 at Ex. 1, p. 46.  Plaintiff previously had claimed that he had eight cassette tapes

prior to the cell search.  *Id.*  Also considered by the ALJ was plaintiff's cell mate's inconsistent statements regarding whether or not he saw anything removed from the cell belonging to plaintiff .  *Id.*

IV. Plaintiff's Non-Dispositive Motion

Plaintiff seeks to amend his complaint to include allegations that his attempts to seek redress under the administrative remedy procedure is protected by the First Amendment and any attempt by defendants to thwart his attempts violates that right.  Paper No. 24 at pp. 1– 2. He further claims that he is still being retaliated against by other correctional officers for utilizing the administrative remedy procedure.  *Id.* at p. 2.  As evidence of this retaliation he cites an occasion where his cell was "ransacked," yet he was accused by officers of damaging the cell. *Id.*

Summary Judgment

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France*

*v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

<u>Analysis</u>

To prevail on his claim that defendants failed to protect him, plaintiff must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

In order to prevail on a claim of retaliation,  Plaintiff  "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment. *Compare Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim).  A complaint, however,  which alleges retaliation in

wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987); *see also Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

The facts in this case are largely undisputed.  Plaintiff's chief complaint, that he has not been placed on protective custody in response to his allegations that he has been threatened, is essentially an attempt to require defendants to accept his claims at face value.  Defendants investigated plaintiff's claims and could find no reason to justify the extraordinary step of placing him on protective custody.  There is no known risk of harm to plaintiff which defendants are refusing to act upon and plaintiff has failed to describe any cognizable injury resulting from the alleged misconduct.  Accordingly, there is no basis for finding an Eighth Amendment violation as to this claim.

Likewise, plaintiff has failed to allege a cognizable claim of retaliation.  There is no evidence that plaintiff was engaged in a constitutionally protected activity for which he suffered retaliatory actions.  Searches of inmates cells are certainly not an unusual occurrence in a medium security prison.  Searches that uncover hidden weapons in those cells are also not unusual.  In a situation where, as here, there are two inmates with the same access to the area where the weapon is found, prison authorities are left with the unenviable job of determining who actually possessed the weapon.  To require, as plaintiff appears to suggest, that the subject weapon must be fingerprinted and lie detector tests administered for purposes of an institutional adjustment hearing would be absurd. There is no requirement, constitutional or otherwise, for prison officials to prove guilt of an institutional infraction beyond a reasonable doubt.  Rather,

the guilty finding must be supported only by some evidence.  The refusal to create a separate standard for plaintiff's case is not retaliation.

Plaintiff's proposed amended complaint regarding a First Amendment claim is without merit.  There is no evidence in this case that plaintiff was prevented from utilizing the administrative remedy procedure, nor was he harmed for doing so.  There is no First Amendment right to have one's claims recognized as meritorious.  Because defendants have filed a responsive pleading in this case, Plaintiff can not amend his complaint "as a matter of course" but must have leave of court to do so.  Fed. R. Civ. Proc. 15(a).  Under the rule, "leave shall be freely given when justice so requires."  *Id.*   If the proposed amendment to the complaint appears to be a futility, this Court has the discretion to deny leave to amend.  *Id*. The amendment suggested here is a futile claim and the motion to amend shall be denied.

By separate order which follows, defendants' motion for summary judgment shall be granted and judgment entered in their favor.


<u>September 7, 2005</u>                          /s/_____
Date                                             J. Fredercik Motz
                                                 United States District Judge

7